FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 14 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA GARCIA,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>CHIPOTLE MEXICAN GRILL, INC.;<br>and DOES 1 to 50,<br><br>　　　　Defendant(s). | CASE NO. SACV 10-643 DOC (RNBx)<br><br>O R D E R TO SHOW CAUSE AS TO WHY CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF JURISDICTION |

　　　　This matter comes before the Court on its own motion and upon review of Defendant Chipotle Mexican Grill, Inc. ("Chipotle")'s May 13, 2010 Notice of Removal. The Notice of Removal contends that removal is proper under 28 U.S.C. § 1441(a) on the grounds that the Court exercises diversity jurisdiction pursuant to 28 U.S.C. § 1331. However, Chipotle relies upon the Ninth Circuit's "substantial predominance" standard as a basis for proving its corporate citizenship. That standard has been replaced by the "nerve center" test articulated by the Supreme Court's recent decision in *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010). While the Notice of Removal includes a conclusory claim that Chipotle's "nerve center" is in Colorado

because the company's headquarters are located in Denver, the state in which a corporation maintains its headquarters is not the only relevant factor in applying the "nerve center" standard. *See Tosco Corp. v. Communities for Better Environ.*, 236 F.3d 495, 500 (9th Cir. 2001) (holding that a corporation's nerve center is the state in which "the majority of its executive and administrative functions are performed").

*Friend* certainly identified the state of headquarters as most relevant to the "nerve center" determination. *See* 130 S.Ct. at 1193-94. But the corporation in that case operated from a central location, rendering the activities at the headquarters constitutive of virtually all of the key administrative and executive functions. *Id.* at 1186. Here, Chipotle goes to great pains to explain the de-centralized nature of its operations, such that each branch is an independent unit, with its own suppliers, accountings, and employee retention practices. It is therefore unclear that the simple fact that Chipotle's headquarters may be located in Colorado is sufficient to demonstrate that Chipotle's "nerve center" is located in that state.

In any event, the Notice of Removal is legally misguided – its discussion and application of the "nerve center" test is an afterthought. And Chipotle provides scant documentary evidence in support of its claim that Chipotle's headquarters are located in Colorado. Chipotle has therefore failed to satisfy its burden of establishing jurisdiction. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

For the foregoing reasons, the Court hereby ORDERS Chipotle to SHOW CAUSE within fourteen (14) days of the filing of this Order as to why this case should not be remanded to state court for lack of jurisdiction.

IT IS SO ORDERED.

DATED: May 13, 2010

_____
DAVID O. CARTER
United States District Judge

2